```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6/8/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OFF-WHITE LLC,

                  Plaintiff,

        v.

5HK5584 *et al.*,

                  Defendants.

No.   19-CV-672 (RA)

OPINION ADOPTING REPORT &
RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

      Plaintiff Off-White LLC initiated this action on January 23, 2019 against 100 Defendants, alleging, among other violations, trademark infringement and counterfeiting under the Lanham Act.  Dkt. 10 (Unsealed Complaint).  With its complaint, Plaintiff moved *ex parte* for a temporary restraining order ("TRO"), an order restraining assets, an order to show cause why a preliminary injunction should not be issued, an order authorizing alternative service by electronic means, and an order authorizing expedited discovery (collectively, the "Application") as to all of the Defendants.  Dkt. 15-19.  On February 4, 2019, the Court granted Plaintiff's Application.  Dkt. 20.  In that same order, the Court scheduled a show cause hearing on February 13, 2019 as to why a preliminary injunction should not be entered against Defendants.  *Id.*  Plaintiff appeared at that hearing, but Defendants did not.  On February 19, 2019, the Court entered a preliminary injunction against all Defendants.  Dkt. 23.

      On May 10, 2019, Plaintiff requested leave to move for default judgment and a permanent injunction, which the Court granted shortly thereafter.  Dkt. 27-28.  Plaintiff obtained a certificate of default from the Clerk of Court on July 17, 2019, Dkt. 32, and filed its motion for

a default judgment on July 30, 2019, Dkt. 35.[1]  On September 4, 2019, the Court ordered Defendants to appear at a show cause hearing scheduled for October 17, 2019.  Dkt. 41.  Once again, Plaintiff appeared, but Defendants did not.  The Court, therefore, granted a default judgment against the remaining 98 Defendants as to Plaintiff's trademark counterfeiting and infringement claims, and entered a permanent injunction against each Defendant.  Dkt. 45.  The action was subsequently referred to Magistrate Judge Cott for an inquest on damages.  Dkt. 46.

On October 22, 2019, Judge Cott ordered Plaintiff to serve and file Proposed Findings of Fact and Conclusions of Law regarding the damages and other relief sought.  Dkt. 47.  He gave Defendants an opportunity to respond to Plaintiff's filings.  *Id.*   Defendants did not respond.  On March 12, 2020, Judge Cott ordered Plaintiff to file a supplemental letter answering three questions related to their request for statutory damages.  Dkt. 52.

On April 3, Judge Cott issued a detailed and well-reasoned 27-page Report & Recommendation (the "Report"), recommending that this Court grant Plaintiff's request for statutory damages in the total amount of $22,400,000, in addition to post-judgment interest.  Specifically, he recommended that Plaintiff "be awarded statutory damages in the amount of $100,000 from each of the 54 Defaulting Defendants that sold less than 100 counterfeit Off-White Products; $200,000 from each of the 14 Defaulting Defendants that sold between 100 and 250 counterfeit Off-White Products; $300,000 from each of the 18 Defaulting Defendants that sold between 250 and 500 counterfeit Off-White Products: $400,000 from each of the 7 Defaulting Defendants that sold between 500 and 1,000 counterfeit Off-White Products; $750,000 from each of the 2 Defaulting Defendants that sold between 1,000 and 1,100

---

[1] By the time that Plaintiff sought a default judgment, it had voluntarily dismissed the action against Defendant dearpanda.  Dkt. 44.  Shortly after, it also voluntarily dismissed this action against Defendant projectzeroclothingstore2.  Dkt. 43.  Plaintiff, therefore, sought a default judgment against the remaining 98 Defendants.

counterfeit Off-White Products; $1,000,000 from the single Defaulting Defendant that sold 1,405 counterfeit Off-White Products; $1,500,000 from the single Defaulting Defendant that sold 1,963 counterfeit Off-White Products; and $2,000,000 from the single Defaulting Defendant that sold about 3,136 counterfeit Off-White Products[.]" Rpt. at 25-26. Judge Cott also recommended that "an Order be entered freezing each Defaulting Defendant's assets and authorizing the release and transfer of those assets to Off-White until the monetary judgment against the respective Defaulting Defendant is satisfied." *Id.* at 26. Neither party has filed objections to the Report.[2]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). "The district court may adopt those portions of the report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions sets forth in those sections are not clearly erroneous or contrary to law." *Minto v. Decker*, 108 F. Supp. 3d 189, 192 (S.D.N.Y. 2015) (internal quotations omitted). "When no objections are filed to an R&R, a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the

---

[2] Plaintiff successfully served a copy of the Report, pursuant to the alternative methods of service authorized by this Court's TRO and preliminary injunction order, on all but three Defendants. Dkt. 55. Its attempts to serve vintage-fashion-store, simplebuy2588, and khhetehsn were unsuccessful. *Id.*

The Court nonetheless still adopts the Report's recommendations regarding Plaintiff's request for damages from vintage-fashion-store, simplebuy2588, and khhetehsn. First, Plaintiff previously served these three Defendants with copies of the summons, complaint, TRO, and supporting documents, Dkt. 7, as well as the preliminary injunction order, Dkt. 26. These three Defendants, however, did not appear. Second, even though Plaintiff was unable to serve its motion for a default judgment on simplebuy2588, Dkt. 39, or the order to show cause on all three Defendants, Dkt. 42, the Court granted a default judgment against them. In doing so, the Court noted that "if a party hasn't appeared, the Federal Rules don't require that a default judgment be served on [a party] at all." *Moskovitz v. La Suisse*, No. 06-CV-4404 (CM), 2013 WL 6197163, at *8 (S.D.N.Y. Nov. 25, 2013); *see also Bobrow Greenapple & Skolnik v. Woods*, 865 F.2d 43, 44 (2d Cir. 1989) ("Neither Fed. R. Civ. P. 55(b)(2) nor [the SDNY local rule] requires that, before judgment can be entered, the clerk's certificate be served upon an opposing party who has not appeared."). Finally, for the Court not to grant a default judgment and damages in Plaintiff's favor at this stage would be prejudicial to Plaintiff, particularly because vintage-fashion-store, simplebuy2588, and khhetehsn had ample notice of the litigation against them since at least January 31, 2019.

recommendation." *Santos v. City of New York*, No. 10-CV-3159 (JPO), 2012 WL 565987, at *1 (S.D.N.Y. Feb. 21, 2012).  Finally, "if as here, the . . . magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009) (internal citations omitted).

As no objections to the Report were filed, the Court has reviewed Judge Cott's Report for clear error and found none.  The Report is thus adopted in its entirety.  Accordingly, Plaintiff is awarded statutory damages in the total amount of $22,400,000.000, pursuant to the tiered structure laid out in the Report, plus post-judgment interest, as well as an Order freezing the assets of Defendants and authorizing the release and transfer of those assets to Plaintiff until the monetary judgment is satisfied.

The Clerk of Court is respectfully directed to terminate any pending motions and close the case.

SO ORDERED.

Dated:   June 8, 2020
         New York, New York

                                                 _____
                                                 Ronnie Abrams
                                                 United States District Judge